BENJAMIN H. GATTON, Plaintiff in Error, *v.* GEORGE B. DIMMITT, Defendant in Error.

ERROR TO MASON.

Oyer cannot be craved of an instrument not under seal, of which profert is not made. If such an instrument is to be examined by this court, it should be presented by bill of exceptions, demurrer to evidence, by an agreed case, or by a special verdict.

A note given to a county, is properly assigned, by the clerk of the County Court under its seal.

THE opinion of the court, by Mr. Justice BREESE, gives a full statement of the case.

STUART, EDWARDS & BROWN, for Plaintiff in Error.

J. ROBERTS, for Defendant in Error.

BREESE, J. This was an action of assumpsit, brought in the Circuit Court of Mason county, by Dimmitt, against Gatton and J. M. Ruggles. Gatton alone was served with process.

The declaration contains two special counts upon a promissory note, and the common counts. The note declared on, was executed by Gatton and Ruggles, dated September 6, 1858, for the sum of $733.86, payable to the *County of Mason,* three years after date. This note was assigned by the clerk of the County Court of Mason county, under seal of county, which assignment purports on its face to have been made for the county, and in pursuance of an order of the County Court.

To first and second counts, and each of them, the defendant Gatton filed a demurrer, craving oyer of the note and assignment, copies of which are set out in the demurrer, and assigning as causes of demurrer to each of said counts—1st, That the county had no power to transfer the note ; and 2nd, That the assignment indorsed on the note was not such as transferred the interest of the county to plaintiff. To the other counts the defendant Gatton pleaded the general issue. The demurrer to the first and second counts was overruled by the court.

The plaintiff dismissed the common counts, and the defendant Gatton saying nothing further as to the first and second counts, judgment on the demurrer was entered against him, and the damages assessed by the clerk, on which final judg-

ment was entered. To reverse this judgment, he prosecutes a writ of error, and assigns for cause:

The Circuit Court erred in overruling the demurrer to the first and second counts of plaintiff's declaration.

The court erred in rendering judgment against plaintiff in error.

We have never understood, that oyer could be craved and had, of a promissory note, or of any writing not under seal, and of which profert is not made. 1 Ch. Pl. 431. In Kentucky, and in that State only, can oyer be craved of a writing not under seal. *Puggle* v. *Adams*, 3 A. K. Marshall, 429. If a party desires to bring the note or writing before the court, it is our practice to do so by bill of exceptions, demurrer to evidence, by an agreed case, or by a special verdict—never by oyer. This being so, neither the note or assignment is a part of the record, and we are only to consider the ruling of the court upon the demurrer to the first and second counts of the declaration, and the propriety of the final judgment as rendered. These make up the errors assigned.

The first count of the declaration is unobjectionable. It sets out in legal phrase the execution of the note by the defendants to the county of Mason, and the assignment by the county to the plaintiff in the suit. The count is perfect in all its parts.

The second count, after setting out the making of the note to the county, avers an assignment of the same to the plaintiff by the clerk of the County Court of Mason county, under the seal of the court, acting under a special order of the County Court, entered of record, authorizing him to assign the note.

The demurrer brings up the question of the power of the county to assign the note, and the legality of the manner of assignment. We have no doubt on either question. By section sixteen of chapter 27, Scates' Comp. 299, it is provided that all notes, bonds, bills, etc., whereby any person shall be bound to any county for the payment of money, or any debt or duty, etc., shall be as valid and effectual to all intents and purposes to vest in the county all the rights, interests and actions which would be vested in any individual, if any such contract had been made directly to him, etc.

An individual, to whom a promissory note is made, has an undoubted right to assign it; the same right by this statute is vested in the county.

As to the mode and manner of the assignment through the agency of the clerk, we can conceive no other mode by which it could be done. The county is a corporation incapable of

acting except by its duly constituted agents, the most important of which is, the court of the county. The court represents the county, for all purposes. Their acts are recorded by the clerk appointed for such purpose, and they are evidenced by the seal of the court, which is in his custody. The declaration avers, that the County Court made an order, entered of record at a regular term of the court, directing the clerk to assign the note, which he does under the seal of the court, and delivers the note to the plaintiff in the suit. This is the only mode by which the assignment could be made, and no objection can be taken to it.

The defendant resting on his demurrer, the court could do no less than enter an interlocutory judgment thereon, and direct the clerk to compute the damages. On his report coming in, final judgment was entered for the amount reported to be due, all which is in conformity with the practice in such cases, and with the statute.

The judgment is affirmed.

*Judgment affirmed.*